**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **ADRIANNA SANCHEZ, INDIVIDUALLY** | § | |
| **AND ON BEHALF OF THE ESTATE OF** | § | |
| **RAUL ARGOTE-ARBOLES, DECEASED** | § | |
| **AND AS NEXT FRIEND OF RAUL ARGOTE,** | § | |
| **A MINOR** | § | |
| *Plaintiffs,* | § | |
| | § | |
| | § | **No.  2:09-cv-0047** |
| **VS.** | § | |
| | § | **JURY** |
| **COMMERICAL TRANSPORTATION, INC.;** | § | |
| **MATTHEW SNIPERLY** | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW**, ADRIANNA SANCHEZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF RAUL ARGOTE-ARBOLES, Deceased, AND AS NEXT FRIEND OF RAUL ARGOTE, A MINOR, hereinafter referred to as "Plaintiff", complaining of COMMERCIAL TRANSPORTATION, INC. and MATTHEW SNIPERLY, hereinafter referred to as "Defendants", and for causes of action would respectfully show unto the Court the following facts:

## Parties

1.     Plaintiff ADRIANNA SANCHEZ, is the widow of RAUL ARGOTE-ARBOLES, Deceased and the mother of RAUL ARGOTE, A MINOR.  She is an individual residing in Harrison County, Texas, and is a citizen of Texas.

2.     Defendant COMMERCIAL TRANSPORTATION, INC. is an Arkansas corporation with its principal place of business in Arkansas.  It may be served with process through its registered agent Robert Peeples at 102 Oakley Drive, North Little Rock Arkansas, 72114-6452.

3.      Matthew Sniperly is a citizen of Missouri who may be served with process at his place of residence, 8460 PR 7107 W. Plains, MO 65775, or alternatively, at his place of employment, 102 Oakley Drive, North Little Rock Arkansas, 72114-6452.

## Jurisdiction

4.      The court has jurisdiction over this case under 28 USC §1332(a)(1) because the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

5.      This is a suit brought under the Texas Wrongful Death Act, § 71.001, et seq., Tex. Civ. Prac. & Rem. Code, for damages arising from the death of Raul Argote-Arboles, deceased. This suit is also brought pursuant to the Texas Survival Act, § 71.021, et seq., Tex. Civ. Prac. & Rem. Code, for those damages that would have been recoverable by Raul Argote-Arboles had he survived.  More specifically, this action is brought for the Plaintiff individually, as next friend of Raul Argote, a minor, and for the benefit of the estate of Raul Argote-Arboles, and on behalf of all the statutory beneficiaries of the decedent according to §71.004 (a), (b), Tex. Civ. Prac. & Rem. Code.

6.      Plaintiff Adrianna Sanchez has standing to assert the above claims in this case.

## Venue

7.      Venue is proper pursuant to 28 USC §1391(a)(2) because the accident in issue occurred in Harrison County, which is within the Eastern District of Texas.

## Factual Allegations

8.      On January 5, 2009, Defendant Matthew Sniperly was driving a tractor/trailer owned by Commercial Transportation, Inc. on Highway 59 inside the city limits of Marshall, Texas.

Defendant Matthew Sniperly was acting in the course and scope of his employment of Commercial Transportation, Inc., at all times relevant to this accident.

9.      On the above date, Defendant Sniperly stopped in the right hand lane of traffic. Decedent Raul Argote-Arboles, who was following defendant Sniperly, took reasonable and appropriate evasive action and attempted to avoid hitting Sniperly's trailer, but had inadequate notice of its presence, as the reflector tape on the trailer was not in appropriate condition and the trailer brake lights were no longer on at the time of impact. Raul Argote-Arboles was killed in the impact.

## Negligence and Negligence Per Se

10.     Plaintiff contends that, on the occasion in question, Plaintiff's injuries and damages were proximately caused by the negligent acts and/or omissions of the Defendants, as set forth below.

11.     With respect to defendant Matthew Sniperly, Plaintiff alleges that Plaintiff's injuries and damages were caused by defendant Sniperly's negligence in at least the following respects:

1.  Failure to operate his vehicle in a safe and prudent manner, such as a person of ordinary care would have done under the same or similar circumstances.

2.  Stopping and/or parking his vehicle in a manner that was unreasonable and unsafe and endangered oncoming traffic.

3.  Negligently stopping and parking in a traffic lane.

4.  Failure to keep his vehicle clean so that any reflective tape or reflective devices on his vehicle could be seen.

5.  Failure to keep proper, undamaged, complete, and adequate reflective tape and reflectors on his vehicle.

6.  Failure to be aware of Texas state law that does not require traffic on the opposite side of a divided highway to stop for a school bus.

7.  Failure to adhere to and follow the Texas Commercial Motor Vehicle Driver's Handbook.

8.  Failure to turn on and/or engage the proper and/or available warning devices and lights on his vehicle to warn oncoming traffic that he had stopped.

9.  Failure to perform and document proper pre-trip and post-trip inspections.

10. Failure to ensure the inspection on the trailer he was driving was up to date and not expired.

11. Such other and further acts of negligence as may be show in the trial of this case as discovery progresses.

12.   With respect to defendant Commercial Transportation, Inc., Plaintiff alleges that Plaintiff's injuries and damages were caused by defendant Commercial Transportation, Inc.'s negligence in at least the following respects:

1.   Negligent Training.
   a.   Failure to explain and demonstrate its safety policies and procedures to Mr. Sniperly.
   b.   Failure to provide the necessary training to Mr. Sniperly regarding truck driving, truck safety, safety classes, how to properly and safely drive an 18-wheeler, how to perform a proper pre-trip and post-trip inspection, the proper way to use and deploy flashers or warning devices, the proper way to display reflective tape, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a tractor/trailer and the maintenance of a tractor/trailer in various situations.
   c.   Failure to properly train its drivers regarding proper procedures when a school bus is observed on the opposite side of a divided highway.
   d.   Failure to train its employees and Mr. Sniperly regarding the proper policies and procedures for documenting pre and post-trip inspections and maintaining documentation required by the company.
   e.   Failure to train Mr. Sniperly regarding the proper use of warning and reflective devices and what lights and/or reflective devices were to be turned on and deployed in certain situations, including the situation in which Mr. Sniperly found himself in at the time of the accident made the basis of this suit.
   f.   Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

2.   General Negligence.
   a.   Failure to comply with its own policies, procedures and standards and/or failure to adopt appropriate policies, procedures and standards.
   b.   Failure to insure that Mr. Sniperly complied with its own policies, procedures, and standards.

     c.      Failure to maintain required documentation regarding Mr. Sniperly and the tractor/trailer made the basis of this suit.

     d.      Failure to maintain the tractor/trailer involved in the accident and to insure that the reflective tape reflects, and lights were in good condition, that the vehicle was clean, and that there were no broken or missing parts, lights, or reflective devices.

     e.      Failure to institute proper procedures to inspect the vehicles prior to their use on the highways of Texas to insure that they are clean, and that all reflective tape, lights, and reflectors are in place, working properly, and do not have any torn or missing pieces.

     f.      Failure to ensure that its trailers were inspected at timely intervals;

     g.      Permitting its trailers to be operated on the road with expired inspections;

     h.      Permitting its trailers to be operated on the roads with faulty brakes;

     i.      Permitting its trailers to be operated on the roads with reflective tape that is worn, missing, and not functional;

     j.      Permitting its trailers to be operated on the roads when they should be out of service by reason of their many defects including excessively worn reflective tape, mismatched slack adjustors, malfunction of greater than 20% of the brakes, and an expired inspection.

     k.      Such other and further acts of negligence as made be shown in the trial of this cause as discovery progresses.

13.    Each of the foregoing acts of negligence, whether taken singularly or in combination were the proximate causes of the collision made the basis of this cause of action and the injuries and damages sustained by the Plaintiff, which are hereinafter described with more particularity.

14.    With respect to both defendants, Plaintiff alleges that the following acts constitute negligence per se which, whether taken singularly or in combination, were the proximate causes of the collision made the basis of this cause of action and the injuries and damages sustained by the Plaintiff:

     a.      Violating those portions of the Texas Transportation Code that, as a pre-requisite to operating a trailer on the highways, require pre-trip and post-trip inspections, a current trailer inspection sticker, reflective tape in good working condition, and at least 80% of the brakes operational.

     b.      Violations of the Federal Motor Carrier Safety Regulations as adopted by the Texas Department of Public Safety (and often referred to as the Texas Motor Carrier Safety Regulations) that, as a pre-requisite to operating a trailer on the highways, require pre-trip and post-trip inspections, a current trailer inspection sticker, reflective tape in good working condition, and at least 80% of the brakes operational.

## Exemplary Damages

15.     Plaintiff alleges that she is entitled to recover exemplary and/or punitive damages pursuant to Article XVI § 26 of the **TEXAS CONSTITUTION** and Section 41.003 and 71.009 et seq. of the **TEXAS CIVIL PRACTICE AND REMEDIES CODE**.   Plaintiff would show that Defendants' acts and omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to persons such as Raul Argote-Arboles; and further that Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to his rights, safety, or welfare.  Therefore, Plaintiff seeks an award of exemplary damages to punish Defendants' conduct and to deter them from engaging in similar conduct in the future.

## Damages

16.     Plaintiff alleges that as a direct and proximate result of the conduct and/or negligent acts and/or omissions of the Defendants listed above, Plaintiff is entitled to recover at least the following legal damages:

A.     **Adrianna Sanchez:**

1.     Past and future mental anguish.

2.     Past and future pecuniary loss, meaning the loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value, excluding loss of inheritance, that she would have received from Raul Argote-Arboles had he lived

3.     Past and future loss of companionship and society in the past and future, meaning the loss of positive benefits flowing from the love, comfort, companionship and

society that each in reasonably probability, would have received from Raul Argote-Arboles had he lived; and

4.  Property Damage to the vehicle involved in the accident including the difference in the market value of the vehicle immediately before and immediately after the occurrence in question; towing charges, and storage charges.

5.  Funeral and burial expenses.

6.  Loss of Inheritance.

**B.  Adrianna Sanchez as the Representative of the Estate of Raul Argote-Arboles, Deceased:**

1.  Funeral and burial expenses, to the extent not recovered elsewhere;

2.  Physical pain and suffering sustained in the past; and

3.  Mental anguish suffered in the past.

4.  Loss of wages and wage earning capacity in the past.

5.  Loss of wages and wage earning capacity in the future.

**C.  Adrianna Sanchez as next friend of Raul Argote, a minor:**

1.  Past and future mental anguish.

2.  Past and future pecuniary loss, meaning the loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value, excluding loss of inheritance, that she would have received from Raul Argote-Arboles had he lived.

3.  Past and future loss of companionship and society in the past and future, meaning the loss of positive benefits flowing from the love, comfort, companionship and

society that each in reasonably probability, would have received from Raul Argote-Arboles had he lived; and

4.  Loss of Inheritance.

## U.S. Life Tables

17.    Notice is hereby given that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.


## PRAYER

18.    WHEREFORE, Plaintiff prays that the Defendant be cited to appear and answer, and that on final trial, the Court render judgment in favor of the Plaintiff, consisting of:

1.    Damages, actual, special, and otherwise;

2.    Punitive and/or exemplary damages;

3.    Costs of court;

4.    Both pre-judgment and post-judgment interest at the maximum legal rate;

5.    For such other and further relief both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**Wormington Law Group**

By: *_/s/Maria Wormington_*
         Maria Wormington
         State Bar No. 24013783
207 East Lamar Street
McKinney, Texas 75069
(972) 569 3930 Phone
(972) 547 6440 Facsimile
E-Mail: maria@wormingtonlegal.com

**Siebman, Reynolds, Burg,**
   **Phillips & Smith, LLP**

Michael C. Smith
State Bar No. 18650410
713 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 938-8900
Facsimile:  (972) 767-4620
E-Mail:  michaelsmith@siebman.com

**ATTORNEYS FOR PLAINTIFF**