FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FEB 22 2010

DAVID J. MALAND, CLERK
BY
DEPUTY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ADRIANA CASTILLO SANCHEZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF RAUL ARGOTE ROBLES, DECEASED AND AS NEXT FRIEND OF RAUL ARGOTE, A MINOR; RAUL ARGOTE DEANDA; VIRGINIA CATALINA ROBLES PALMA,<br>    *Plaintiffs,*<br>v.<br><br>COMMERICAL TRANSPORTATION, INC., MATTHEW SIPERLY, COMMERCIAL LUMBER SALES, INC.,<br>    *Defendants.* | § § § § § § § § § § § § § § § | CASE NO. 2:09-CV-47-TJW |

**VERDICT FORM**

## Question No. 1:

Did the negligence, if any, of those named below proximately cause the death in question?

    Answer "Yes" or "No" for each of the following:

    a. Raul Argote Robles:    yes

    b. Matthew Siperly:    yes

    c. Commercial Transportation, Inc.:    yes

    d. Commercial Lumber Sales, Inc.:    yes

**Question No. 2:**

Assign percentages of responsibility only to those you found caused or contributed to cause the occurrence, if any. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The negligence attributable to any one named below is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.

For each person or corporation you found caused or contributed to cause the death in question, find the percentage of responsibility attributable to each:

    a. Raul Argote Robles:                   _5_ %

    b. Matthew Siperly:                     _35_ %

    c. Commercial Transportation, Inc.:    _35_ %

    d. Commercial Lumber Sales, Inc.:    _25_ %

       Total = 100%                     _100_ %

*If you answered more than 50% for Raul Argote Robles, then do not answer any more questions. The jury foreperson should sign and date the Verdict Form and return it to the Security Officer. Otherwise, answer the following questions.*

**Question No. 3:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Adriana Castillo Sanchez for her damages, if any, resulting from the death of Raul Argote Robles?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Raul Argote Robles.

    a. Pecuniary loss sustained in the past.

        Answer: $ 50,000

    b. Pecuniary loss that, in reasonable probability, Adriana Castillo Sanchez will sustain in the future.

        Answer: $ 900,000

    c. Loss of companionship and society sustained in the past.

        Answer: $ 10,000

    d. Loss of companionship and society that, in reasonable probability, Adriana Castillo Sanchez will sustain in the future.

        Answer: $ 0

    e. Mental anguish sustained in the past.

        Answer: $ 100,000

    f. Mental anguish that, in reasonable probability, Adriana Castillo Sanchez will sustain in the future.

        Answer: $ 100,000

**Question No. 4:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Raul Argote Jr. for his damages, if any, resulting from the death of Raul Argote Robles?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Raul Argote Robles.

    a. Pecuniary loss sustained in the past.

        Answer:   $ 25,000

    b. Pecuniary loss that, in reasonable probability, Raul Argote Jr. will sustain in the future.

        Answer:   $ 600,000

    c. Loss of companionship and society sustained in the past.

        Answer:   $ 10,000

    d. Loss of companionship and society that, in reasonable probability, Raul Argote Jr. will sustain in the future.

        Answer:   $ 100,000

    e. Mental anguish sustained in the past.

        Answer:   $ 25,000

    f. Mental anguish that, in reasonable probability, Raul Argote Jr. will sustain in the future.

        Answer:   $ 175,000

**Question No. 5:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Raul Argote Deanda for his damages, if any, resulting from the death of Raul Argote Robles?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Raul Argote Robles.

    a. Loss of companionship and society sustained in the past.

       Answer: $ 10,000

    b. Loss of companionship and society that, in reasonable probability, Raul Argote Deanda will sustain in the future.

       Answer: $ 5,000

    c. Mental anguish sustained in the past.

       Answer: $ 10,000

    d. Mental anguish that, in reasonable probability, Raul Argote Deanda will sustain in the future.

       Answer: $ 5,000

**Question No. 6:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Virgilia Catalina Robles Palma for her damages, if any, resulting from the death of Raul Argote Robles?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Raul Argote Robles.

    a. Pecuniary loss sustained in the past.

        Answer: $ 0

    b. Pecuniary loss that, in reasonable probability, Virgilia Catalina Robles Palma will sustain in the future.

        Answer: $ 5,000

    c. Loss of companionship and society sustained in the past.

        Answer: $ 0

    d. Loss of companionship and society that, in reasonable probability, Virgilia Catalina Robles Palma will sustain in the future.

        Answer: $ 0

    e. Mental anguish sustained in the past.

        Answer: $ 10,000

    f. Mental anguish that, in reasonable probability, Virgilia Catalina Robles Palma will sustain in the future.

        Answer: $ 5,000

**Question No. 7:**

What sum of money, if any, would fairly compensate the Estate of Raul Argote Robles for mental anguish suffered by Raul Argote Robles before his death as a result of the occurrence in question?

Answer, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Paul Argote Robles.

    Answer:    $ 0

**Question No. 8:**
Do you find that Commercial Transportation, Inc. and Commercial Lumber Sales, Inc. were engaged in a joint enterprise at the time of the occurrence in question?

    Answer "Yes" or "No:"    _yes_

**Question No. 9:**

Do you find that Commercial Transportation, Inc. was an alter ego of Commercial Lumber Sales, Inc. at the time of the occurrence in question?

Answer "Yes" or "No:"   _yes_

- *ANSWER NO MORE QUESTIONS* -

Signed this 22nd day of February, 2010.

_____
JURY FOREPERSON

10