IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ADRIANA CASTILLO SANCHEZ, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF RAUL ARGOTE ROBLES, DECEASED AND AS NEXT FRIEND OF RAUL ARGOTE, A MINOR; RAUL ARGOTE DEANDA; VIRGINIA CATALINA ROBLES PALMA, <br><br>　　*Plaintiffs,* <br><br>v. <br><br>COMMERICAL TRANSPORTATION, INC., MATTHEW SIPERLY, COMMERCIAL LUMBER SALES, INC., <br><br>　　*Defendants.* | § § § § § § § § § § § § § § § § § | CASE NO. 2:09-CV-47-TJW |

## FINAL JUDGMENT

The parties in this case selected a jury on February 1, 2010. The trial commenced on Wednesday, February 17, 2007, and the jury reached its verdict on Monday, February 22, 2010. In accordance with the jury's verdict, the Court renders the following judgment in favor of the Plaintiffs.

The Court finds, consistent with the jury's verdict, that the following individuals were a proximate cause of the death in question in the following percentages of responsibility attributable to each: (a) Paul Argote Robles, 5%; (b) Matthew Siperly, 35%; (c) Commercial Transportation, Inc., 35%; and (d) Commercial Lumber Sales, Inc., 25%.

The Court finds, subject to the actual award being reduced and consistent with the jury's verdict, that **Adrianna Castillo Sanchez** is entitled to damages for pecuniary loss sustained in the past of $50,000.00; pecuniary loss that, in reasonable probability, she will sustain in the

future of $800,000.00; loss of companionship and society sustained in the past of $10,000.00; zero dollars for loss of companionship and society that, in reasonable probability, she will sustain in the future; mental anguish sustained in the past of $100,000.00; and mental anguish that, in reasonable probability, she will sustain in the future of $100,000.00.

The Court finds, subject to the actual award being reduced and consistent with the jury's verdict, that **Raul Argote Jr.** is entitled to damages for pecuniary loss sustained in the past of $25,000.00; pecuniary loss that, in reasonable probability, he will sustain in the future of $600,000.00; loss of companionship and society sustained in the past of $10,000.00; loss of companionship and society that, in reasonable probability, he will sustain in the future of $160,000.00; mental anguish sustained in the past of $25,000.00; and mental anguish that, in reasonable probability, he will sustain in the future of $175,000.00.

The Court finds, subject to the actual award being reduced and consistent with the jury's verdict, that **Raul Argote Deanda** is entitled to damages for loss of companionship and society sustained in the past of $10,000.00; loss of companionship and society that, in reasonable probability, he will sustain in the future of $5,000; mental anguish sustained in the past of $10,000.00; and mental anguish that, in reasonable probability, he will sustain in the future of $5,000.00.

The Court finds, subject to the actual award being reduced and consistent with the jury's verdict, that **Virgilia Catalina Robles Palma** is entitled to zero dollars in damages for pecuniary loss sustained in the past; pecuniary loss that, in reasonable probability, she will sustain in the future of $5,000.00; zero dollars for loss of companionship and society sustained in the past; zero dollars for loss of companionship and society that, in reasonable probability, she will sustain in the future; mental anguish sustained in the past of $10,000.00; and mental anguish that, in

reasonable probability, she will sustain in the future of $5,000.00.

The Court finds that, consistent with the jury's verdict, that the **Estate of Raul Argote Robles** is entitled to zero dollars in damages for any mental anguish suffered by Raul Argote Robles before his death as a result of the occurrence in question.

The Court finds that the Plaintiffs' recovery must be reduced by the amount of negligence which proximately caused the death of Raul Argote Robles found by the jury to have been attributable to Raul Argote Robles. *See* TEX. CIV. PRAC. & REM. CODE § 33.012. The Court finds that the damages award found by the jury of One Million, Sixty Thousand Dollars ($1,060,000) for **Adrianna Castillo Sanchez** shall be reduced by five percent to an award of recoverable damages in the amount of One Million, Seven Dollars ($1,007,000). The Court finds that the damages award found by the jury of Nine Hundred, Ninety Five Thousand Dollars ($995,000) for **Raul Argote Jr.** shall be reduced by five percent to an award of recoverable damages in the amount of Nine Hundred, Forty Five Thousand, Two Hundred Fifty Dollars ($945,250). The Court finds that the damages award found by the jury of Thirty Thousand Dollars ($30,000) for **Raul Argote Deanda** shall be reduced by five percent to an award of recoverable damages in the amount of Twenty Eight Thousand, Five Hundred Dollars ($28,500). The Court finds that the damages award found by the jury of Twenty Thousand Dollars ($20,000) for **Virgilia Catalina Robles Palma** shall be reduced by five percent to an award of recoverable damages in the amount of Nineteen Thousand Dollars ($19,000). Thus, the total damages that this Court awards to the Plaintiffs are One Million, Nine Hundred Ninety Nine Thousand, Seven Hundred Fifty Dollars ($1,999,750).

The Court awards an additional One Thousand, One Hundred Thirty Four Dollars ($1,134) in pre-judgment interest from the date of this lawsuit, February 9, 2009, to the day

preceding this judgment. In calculating the pre-judgment interest, the Court notes that under Texas law pre-judgment interest is not recoverable on future damages and the prejudgment interest rate should be equal to the post-judgment interest rate applicable at the time of judgment. *See* TEX. FIN. CODE ANN. §§ 304.102, 304.103, and 304.1045. The post-judgment interest rate should be computed from the date of this judgment and shall bear interest at the lawful federal rate, which is currently 0.42% per annum, the weekly average 1-year constant maturity Treasury Yield. *See* 28 U.S.C. § 1961(a). The Plaintiffs are the prevailing party in this litigation and the Court awards costs to the Plaintiffs as the prevailing party.

The Court finds that the parties have stipulated that Matthew Siperly was in the course and scope of his employment with Commercial Transportation, Inc. and therefore Commercial Transportation, Inc. is legally responsible for the portion of the judgment against Matthew Siperly. The Court finds that because the percentage of responsibility attributed to Defendant Commercial Transportation, Inc. is greater than 50 percent, considering the 35% attributable to Defendant Siperly and 35% attributable to Defendant Commercial Transportation, Inc., Defendant Commercial Transportation, Inc. is jointly and severally liable for all of the damages awarded to Plaintiffs. *See* TEX. CIV. PRAC. & REM. CODE § 33.013. The Defendants are to pay such damages, pre-judgment interest, post-judgment interest, and costs in accordance with the above findings and awards, with Defendant Commercial Transportation, Inc. being jointly and severally liable to the Plaintiffs for **all** such damages, interest, and costs, Defendant Commercial Lumber Sales, Inc. being liable for **26.3%** of such damages, interest, and costs, and Defendant Siperly being liable for **36.8%** of such damages, interest, and costs.

All relief not expressly granted is DENIED. This is the FINAL JUDGMENT. All pending motions are DENIED as moot.

IT IS SO ORDERED.

SIGNED this 31st day of March, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE